1  Frank X. Ruggier, CLS-B (CA Bar No. 198863)
   *frank@lsimonslaw.com*
2  **LAW OFFICES OF LARRY D. SIMONS**
   15545 Devonshire Avenue, Suite 110
3  Mission Hills, California 91345
   Telephone: 818.672.1778
4  Facsimile: 626.389.5607

5  Attorney for Larry D. Simons, Chapter 7 Trustee

6

7

                    **UNITED STATES BANKRUPTCY COURT**
8
         **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**
9

10

| | |
|---|---|
| In re | Case No. 6:20-bk-13093-WJ |
| COREY MICHAEL POPIK, | Chapter 7 |
| Debtor. | |
| | Adv. Proc. No. |
| LARRY D. SIMONS, Chapter 7 Trustee, | **COMPLAINT TO:** |
| Plaintiff, | **(1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND** |
| v. | **(2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR** |
| DALILA JUAREZ, an individual, | |
| Defendant, | [11 U.S.C. §§ 541 and 363(h)] |
| | DATE:  TO BE SET |
| | TIME:  TO BE SET |
| | PLACE:  Courtroom 304 |
| | United States Bankruptcy Court |
| | 3420 Twelfth Street |
| | Riverside, CA 92501 |

23  **TO THE DEFENDANT AND HER COUNSEL OF RECORD, IF ANY:**

24      For his Complaint to: (1) Obtain Declaratory Relief as to Ownership of Real Property; and

25  (2) Authorize Sale of Property Owned in Part by Non-Debtor (the "Complaint") against the

26  defendant Dalila Juarez (the "Defendant" or "Juarez"), plaintiff Larry D. Simons, the duly

27  appointed, qualified and acting Chapter 7 Trustee for the estate of the debtor Corey Michael Popik

28  (the "Debtor") hereby alleges as follows:

1

COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL
PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2.    This proceeding is brought pursuant to 11 U.S.C. §§ 541 and 363(h) and Rules 7001(3) and (9) of the Federal Rules of Bankruptcy Procedure.

3.    Plaintiff, Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled In re Corey Michael Popik bearing Case No. 6:20-bk-13093-WJ (the "Bankruptcy Case").

4.    The Plaintiff brings this action solely in his capacity as the Trustee for the benefit of the Estate and its creditors.

5.    The Plaintiff was appointed after the filing of the Debtor's Bankruptcy Case.  As a result, the Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. The Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and/or others.

6.    The debtor Corey Michael Popik (the "Debtor") initiated the Bankruptcy Case by filing a voluntary Chapter 7 petition on April 30, 2020 (the "Petition Date").

7.    The Trustee is informed and believes, and based thereon alleges, that defendant Delila Juarez (the "Defendant" or "Juarez"), is an individual residing within the jurisdiction of this Court and is a former girlfriend of the Debtor.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.    Property of the Debtor's Estate includes the Debtor's ownership interest in the improved real property commonly known as 4473 East Simpson Avenue, Fresno, California 93703, APN 447-031-51 (the "Subject Property").

COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

9.    The Trustee is informed and believes, and based thereon, alleges that the Debtor and Defendant Juarez acquired title to the Subject Property as joint tenants by a grant deed recorded in the Official Records of the Recorder's Office of Fresno County, California on April 5, 2011 as Document Number 2011-0046729 (the "Grant Deed").

10.    The Trustee is informed and believes, and based thereon, alleges that at the time that the Debtor acquired his interest in the Subject Property via the Grant Deed, Defendant Juarez was the Debtor's girlfriend.

11.    The Trustee is informed and believes, and based thereon, alleges that at the time that the Debtor purchased the Subject Property, Defendant Juarez was added to the title as joint tenant for nominal purposes only, specifically to assist for loan qualifying purposes.  It was the Debtor and Defendant Juarez's understanding that the Subject Property was to be owned solely by the Debtor and that Defendant Juarez's name was on title only to help qualify for the loan.

12.    The Trustee is informed and believes, and based thereon, alleges that the Debtor paid the entire down payment to acquire the Subject Property.

13.    After acquiring title to the Subject Property, the Debtor and Defendant Juarez resided in the Subject Property together for a short period of time until their relationship ended.  Defendant Juarez contributed a portion of the mortgage payment for the Subject Property for a period of approximately nine (9) months, after which time Defendant Juarez made no further contributions whatsoever towards the Subject Property and its maintenance, upkeep and expenses.

14.    There was never any intention that Defendant Juarez own any interest in the Subject Property.  Therefore, Defendant Juarez at no time ever had any equitable ownership interest in the Subject Property.

15.    The Trustee is informed and believes and, on based thereon, alleges that the Subject Property has a current fair market value of no less than approximately $195,000.00.

16.    The Trustee is informed and believes, and based thereon, alleges that the Subject Property is currently encumbered by deed of trust in the approximate amount of $100,000.00.

///

///

COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL
PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

## FIRST CLAIM FOR RELIEF

## FOR DECLARATORY RELIEF AGAINST DEFENDANT JUAREZ

17.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

18.     An actual controversy exists between the Plaintiff and Defendant Juarez concerning their respective rights and duties in that the Trustee contends that Defendant Juarez currently has no interest and has never had an ownership interest in the Subject Property and that the entire Subject Property is property of the Estate.  Whereas, Defendant Juarez may dispute the Trustee's contention and may assert an ownership interest in the Subject Property as a joint tenant which is not part of the Estate.

19.     Plaintiff desires a judicial determination of his rights and duties and a declaration that Defendant Juarez has no interest in the Subject Property and has no claims against the Subject Property and the Estate.

## SECOND CLAIM FOR RELIEF

## TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED,

## IN PART, BY A NON-DEBTOR

## [11 U.S.C. § 363(h)]

20.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

21.     Based upon the current value of the Subject Property and the outstanding debt against the Subject Property, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $80,000.00, at least half of which constitutes property of the Estate.

22.     To the extent that Defendant Juarez is declared to have an ownership interest in the Subject Property, Partition of the Subject Property between the Estate and Defendant Juarez is impracticable.

23.     To the extent that Defendant Juarez is declared to have an ownership interest in the Subject Property, the sale of the Estate's undivided interest in the Subject Property would realize significantly less for the Estate than sale of the Subject Property free of the interests of Juarez.

COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL
PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

24.    To the extent that Defendant Juarez is declared to have an ownership interest in the Subject Property, the benefit to the Estate of a sale of the Subject Property free of the interests of Defendant Juarez outweighs the detriment, if any, to Defendant Juarez.

25.    The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

26.    By reason of the foregoing, the Plaintiff may sell the interest of Defendant Juarez in the Property pursuant to Section 363(h).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

ON THE FIRST CLAIM FOR RELIEF

3.    For a judgment that Defendant Juarez has no ownership interest in the Subject Property and Defendant Juarez has no claims against the Subject Property and the Estate;

ON THE SECOND CLAIM FOR RELIEF

4.    To the extent that Defendant Juarez is declared to have an ownership interest in the Subject Property, to obtain approval for the sale of the interest of Defendant Juarez, non-Debtor in the Subject Property pursuant to 11 U.S.C. § 363(h);

ON ALL CLAIMS FOR RELIEF

5.    For attorney's fees; and

6.    For costs of suit incurred herein; and

7.    For such other and further relief as this Court deems just and proper.

Dated:  April 22, 2021                    **LAW OFFICES OF LARRY D. SIMONS**

Frank X. Ruggier
Attorney for Plaintiff Larry D. Simons,
Chapter 7 Trustee

5

COMPLAINT TO: (1) OBTAIN DECLARATORY RELIEF AS TO OWNERSHIP OF REAL
PROPERTY; AND (2) AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR